# EXHIBIT 1

# EXHIBIT 1

Electronically FILED by Superior Court of California, County of Los Angeles on 03/13/2019 10:32 PM Sherri R. Carter, Executive Officer/Clerk of Court, by D. Diaz,Deputy Clerk
19STCV08677

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:** *(AVISO AL DEMANDADO):* | *FOR COURT USE ONLY (SOLO PARA USO DE LA CORTE)* |

MIDLAND NATIONAL LIFE INSURANCE, MICHAEL L. KELLY, and DOES 1 through 100,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

GARY RAND, Additional Parties Attachment Form is attached

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* Los Angeles County Superior Court | **CASE NUMBER:** *(Número del Caso):* 19STCV08677 |

111 N. Hill Street
Los Angeles, California 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Timothy D. Rand-Lewis, 5990 Sepulveda Boulevard, Suite 630, Sherman Oaks, CA 91411, (818) 779-1720

| | |
|---|---|
| **DATE:** *(Fecha)* 03/13/2019 | Sherri R. Carter Executive Officer / Clerk of Court Clerk, by *(Secretario)* Diana Diaz , Deputy *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* MIDLAND NATIONAL LIFE INSURANCE

under: ☑ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 www.courtinfo.ca.gov |

13

**SUM-200(A)**

| SHORT TITLE: Rand, et al. v. Midland National Life Insurance, et al. | CASE NUMBER: |
|---|---|

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.)*:

[✓] Plaintiff ☐ Defendant ☐ Cross-Complainant ☐ Cross-Defendant

GARY RAND AS TRUSTEE OF THE RAND 1992 IRREVOCABLE TRUST; SUZANNE E. RAND-LEWIS; SUZANNE E. RAND-LEWIS AS TRUSTEE OF THE SUZANNE E. RAND-LEWIS FAMILY TRUST DATED AUGUST 17, 1993; LESLIE B. RAND-LUBY; LESLIE B. RAND-LUBY AS TRUSTEE OF THE LESLIE B. RAND-LUBY LIVING TRUST DATED NOVEMBER 10, 1995,

Page __2__ of __2__

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

Electronically FILED by Superior Court of California, County of Los Angeles on 03/13/2019 10:32 PM Sherri R. Carter, Executive Officer/Clerk of Court, by D. Diaz, Deputy Clerk
19STCV08677

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Michael Stern

1  Timothy D. Rand-Lewis, Attorney at Law  SBN179180
   5990 Sepulveda Boulevard, Suite 630
2  Sherman Oaks, California 91411-2523
   Tel: (818) 779-1720  Fax: (818) 779-1730
3  email: srand-lewis@randandrand-lewisplcs.com

4

5  Attorney for Plaintiffs, GARY RAND, GARY RAND AS TRUSTEE OF THE RAND 1992
   IRREVOCABLE TRUST, SUZANNE E. RAND-LEWIS, SUZANNE E. RAND-LEWIS AS
6  TRUSTEE OF THE SUZANNE E. RAND-LEWIS FAMILY TRUST DATED AUGUST 17, 1993,
   LESLIE B. RAND-LUBY, LESLIE B. RAND-LUBY AS TRUSTEE OF THE LESLIE B.
7  RAND-LUBY  LIVING TRUST DATED NOVEMBER 10, 1995

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                  **FOR THE COUNTY OF LOS ANGELES**

10

11 | GARY RAND; GARY RAND AS TRUSTEE | CASE NO.  19STCV08677 |

12 OF THE RAND 1992 IRREVOCABLE
   TRUST; SUZANNE E. RAND-LEWIS;          **COMPLAINT FOR**
13 SUZANNE E. RAND-LEWIS AS TRUSTEE
   OF THE SUZANNE E. RAND-LEWIS     1.  Breach of Contract [Insurer];
14 FAMILY TRUST DATED AUGUST 17,     2.  Breach of the Implied Covenant Of Good
   1993; LESLIE B. RAND-LUBY; LESLIE B.     Faith and Fair Dealing [Insurer];
15 RAND-LUBY AS TRUSTEE OF THE       3.  Breach of Contract [Agent];
   LESLIE B. RAND-LUBY LIVING TRUST  4.  Breach of Fiduciary Duties [Agent];
16 DATED NOVEMBER 10, 1995,          5.  Violation of Business & Professions Code
                                         §17200 [All Defendants];
17          Plaintiffs,              6.  Intentional Infliction of Emotional Distress
                                         [All Defendants];
18 vs.                              7.  Fraud [All Defendants];
                                     8.  Negligent Misrepresentation [All
19 MIDLAND NATIONAL LIFE INSURANCE,      Defendants];
   MICHAEL L. KELLY, and DOES 1 through  9.  Concealment [All Defendants];
20 100,                              10. Violation of Consumer Legal Remedies Act
                                         [Civil Code §1750, et seq., 1770(a)(16)
21          Defendants.                   [Agent];
                                     11. Violation of California Administrative
22                                       Regulations §2695.7 [Insurer];
                                     12. Unjust Enrichment; Violation of
23                                       Constructive Trust; Accounting [Insurer];
                                     13. Elder Abuse [All Defendants]

24      COME NOW Plaintiffs, GARY RAND, GARY RAND AS TRUSTEE OF THE RAND 1992

25 IRREVOCABLE TRUST, SUZANNE E. RAND-LEWIS, SUZANNE E. RAND-LEWIS AS

26 TRUSTEE OF THE SUZANNE E. RAND-LEWIS FAMILY TRUST DATED AUGUST 17, 1993,

27 LESLIE B. RAND-LUBY, LESLIE B. RAND-LUBY AS TRUSTEE OF THE LESLIE B.

28 RAND-LUBY LIVING TRUST DATED NOVEMBER 10, 1995, (hereinafter and collectively referred

                                    1
                                COMPLAINT

to as "Insureds" or "Plaintiffs"), who submit their Complaint as follows:

**PRELIMINARY ALLEGATIONS**

1. Plaintiffs, GARY RAND, GARY RAND AS TRUSTEE OF THE RAND 1992 IRREVOCABLE TRUST, SUZANNE E. RAND-LEWIS, SUZANNE E. RAND-LEWIS AS TRUSTEE OF THE SUZANNE E. RAND-LEWIS FAMILY TRUST DATED AUGUST 17, 1993, LESLIE B. RAND-LUBY, LESLIE B. RAND-LUBY AS TRUSTEE OF THE LESLIE B. RAND-LUBY LIVING TRUST DATED NOVEMBER 10, 1995, were at all times herein mentioned residents of the County of Los Angeles, State of California and the insureds, owners and beneficiaries of the insurance at issue herein, a policy of life insurance (hereinafter the "Policy"), number ████3600, with a value of no less than 2.5 million dollars, insuring Gary Rand, as the insured, who vested ownership of all rights, and benefits of said Policy in the RAND 1992 IRREVOCABLE TRUST, and its Trustee, GARY RAND, and Policy beneficiaries THE RAND 1992 IRREVOCABLE TRUST, SUZANNE E. RAND-LEWIS, SUZANNE E. RAND-LEWIS AS TRUSTEE OF THE SUZANNE E. RAND-LEWIS FAMILY TRUST DATED AUGUST 17, 1993, LESLIE B. RAND-LUBY, LESLIE B. RAND-LUBY AS TRUSTEE OF THE LESLIE B. RAND-LUBY LIVING TRUST DATED NOVEMBER 10, 1995, who were thereby insured as stated below. The Policy is attached hereto and incorporated herein as Exhibit "A." As stated in the policy the Owner of the policy was the "Rand 1992 Trust Irrevocable Trust, dated August 7, 1992, Trustee Suzanne E. Rand-Lewis, Trustee Leslie B. Rand-Luby".

2. Defendants MIDLAND NATIONAL LIFE INSURANCE, Does 1 through 100 (hereinafter Defendant "INSURER") operate under a trademarked name of "MIDLAND NATIONAL" and conceal their structure, form, employees, agents, management, control and use of illegal personnel not licensed in the State of California, and their obligations as a fiduciary and attorney in fact from their insureds.

3. Defendants describe the Policy sold to Plaintiffs as a Universal life product, with "a flexible premium, adjustable life insurance product that provides the flexibility for choosing various features and adjusting those features as financial priorities and needs change. The Policy can have cash value that grows on a tax-deferred basis." Defendants specifically marketed the Policy as an investment device, providing the ability to act as an investment, earning interest, and as a safer alternative to the

2
COMPLAINT

16

1  stock market. The policy provided for a guaranteed interest rate of 5.25% annually and was based upon

2  the 1980 Mortality Table, which was attached to the policy. See Exhibit "A."

3      4. At all times herein, Plaintiffs' Policy had sufficient value to remain in full force and effect

4  and all premiums were paid in a timely manner. Defendants INSURER, AGENT and Does 1 through

5  100, failed to completely, accurately, properly and timely investigate, process, handle, evaluate, and

6  account for Policy value and premiums. Defendants INSURER, AGENT and Does 1 through 100,

7  concealed that Defendant INSURER used undisclosed factors to increase costs related to the policy

8  to attempt to force Plaintiffs' to allow it to lapse once the policy was not profitable, as investment

9  returns hit low levels due to the Recession, and were nowhere near the returns needed to support

10  continued interest at the rate of 5.25 % guaranteed by the policy. Defendant INSURER failed to

11  properly notify the policy owners of policy premiums due and termination. Accordingly the policy

12  remains in full force and effect.

13      5. Plaintiffs are informed and believe that Defendants MICHAEL L.KELLY and Does 1

14  through 100 (hereinafter "AGENT") is a California resident, and a licensed insurance agent, who at

15  all times mentioned herein were engaged in the business of insurance as an insurance broker, whose

16  license with the California Department of Insurance reflects same, who at relevant times herein was

17  receiving commissions from Co-Defendants as Plaintiffs' insurance broker. Said Defendants, as a

18  broker, were advised of Plaintiffs need for assistance as to Co-Defendants' contentions about

19  premiums, value and the Policy, which Co-Defendants refused to explain. Co-Defendants advised

20  Plaintiffs that they needed to direct questions to an Agent and directed Plaintiffs to Defendant AGENT

21  for assistance. Plaintiffs are informed and believe that thereafter Defendants AGENT was their agent

22  and as a Broker would assist them with any questions they had about the Policy and coverage.

23  Plaintiffs are informed and believe that Defendants AGENT further advised Plaintiffs that they were

24  available to assist them with handling any disputes or problems Plaintiffs may have in the future with

25  respect to said insurance coverage.

26      6. The true names and capacities of Defendants Does 1 through 100 are unknown to Plaintiffs

27  who therefore sue said Defendants by such fictitious names. Plaintiffs are informed and believe and

28  thereon allege that each of the Defendants designated herein as a Doe is legally responsible in some

1   manner for the events and happenings herein referred to and legally caused injuries and damages

2   proximately thereby to Plaintiffs as herein alleged.

3       7.  At all times herein mentioned Defendants and each of them, were the agents, principals,

4   servants and employees of each of the remaining Defendants and were at all times acting within the

5   purpose and scope of said agency, service, and employment.  Each Defendant has consented to,

6   ratified, permitted, encouraged, and approved the acts of their/its agent.

7   **<u>FACTUAL ALLEGATIONS</u>**

8       8.  Plaintiffs are and were at all relevant times herein insured under the life insurance Policy.

9   Plaintiff Gary Rand, born in 1939, purchased the Policy in the early 1980's while in excellent health,

10  to provide for the financial security of his law practice, as a key man policy and for the security of his

11  children, the Co-Plaintiffs, who were to policy owners.  The policy was a key part of his estate plan.

12  All proper premiums were paid in a timely manner from Policy inception, through conversion of the

13  Policy to a Universal life Policy in 1991, up to April 15, 2017, the date on which Plaintiff Gary Rand

14  only, who was not a policy owner, received a letter from Defendant INSURER returning a premium

15  payment and claiming the Policy had "terminated."   The Policy provision relating to the cost of

16  insurance states that it is determined on a monthly basis and is calculated using a set formula based

17  upon the mortality tables attached to the policy.  Plaintiffs reasonably relied upon the Policy provision

18  that provided for set costs, which therefore would permit them to determine if the Policy was in fact

19  a good investment and would earn interest, and the 5.25% interest rate. The Policy also required that

20  Defendant INSURER must notify the policy owners the "Rand 1992 Trust Irrevocable Trust, dated

21  August 7, 1992, Trustee Suzanne E. Rand-Lewis, Trustee Leslie B. Rand-Luby" of policy premiums

22  due and termination, which it has never done.  Accordingly the policy remains in full force and effect.

23      9.  As stated above, due to the Recession, interest rates dropped,  Defendant INSURER was

24  not making a profit on the policies and its goal was to attempt to get Plaintiffs to relinquish it.

25  Therefore, it increased the cost of the Policy claiming it could rely upon an undisclosed formula, not

26  the set formula in the Policy, using undisclosed items.  It never gave notice to the policy owners of

27  when the costs would increase, or of the undisclosed items it included in its undisclosed formula, on

28  which the cost increase was based.  Defendant INSURER concealed that its goal was to drive up the

4
COMPLAINT

1  cost of the Policy so its insureds would be so shocked by the cost that they would abandon the Policy
2  and let it lapse. This tactic caused Plaintiffs' extreme distress. Having paid over a million dollars in
3  premiums over the life of the Policy, Plaintiff Gary Rand was faced with costs of $28,708.19 to keep
4  the Policy current. When Defendant ultimately represented that it "terminated" the Policy in 2017,
5  despite having received over a million dollars in premiums, Defendants then claimed that $28,708.19
6  was due to reinstate the Policy, and that it would not be reinstated unless the Policy was re-applied for
7  with full medical underwriting, documentation and release of health information for Gary Rand, now
8  78, without limitation. Defendants refused to accept the premium payment proffered by Plaintiff Gary
9  Rand, without any right to do so under the Policy and the law. Defendants were aware that Plaintiff
10 Gary Rand, now 78, could not meet Defendants' medical underwriting requirements for reinstatement.
11 Defendants were aware that Plaintiff Gary Rand, now 78 would be faced with being unable to obtain
12 other life insurance, that it would be unavailable or prohibitively expensive and that they would be
13 thereby depriving him of future life insurance protection. This conduct was despicable, oppressive,
14 fraudulent and malicious.

15    10. Defendant INSURER, DOES 1-100 underwrote the Policy, accepted Plaintiffs' premiums
16 and the Policy was in full force and effect until Defendant INSURER falsely claimed that it was
17 "terminated" and refused premium payments, without explanation or a valid basis to do so. Defendant
18 INSURER, DOES 1-100 did not give notice of the policy lapse or termination to all of the policy
19 owners, thus any such notice is void.

20    11. Plaintiff Gary Rand repeatedly demanded that Defendants explain why charges (which
21 Defendants referred to as "deductions") were being taken from the Policy value, what the charges
22 were, for an accounting, for the Defendants to state exactly how they had calculated the charges, what
23 they contended was the basis for his Policy value, the amount of premium Defendants represented were
24 owed, an accounting of the premiums paid and demanded specific facts as to charges with reference
25 to the Policy provisions. Defendants refused to respond.

26    12. First Defendants ignored him, however, after sending numerous letters he finally received
27 a vague written response from Defendants which was unintelligible. The response included the
28 representation that "the Policy provides that monthly deductions represent the cost of insurance; a

5
COMPLAINT

19

1   monthly administration fee and the cost of any additional benefits provided by riders (if applicable)
2   for the Policy month.  The Policy language further provides that the cost of insurance is calculated, **in**
3   **part** based upon the declared mortality rate..." and then described how the mortality rate "is
4   determined."  The word "in part" are not contained in the policy language.  Because the explanation
5   was contrary to the actual Policy provisions, and did not state how the actual deduction had been
6   calculated, Plaintiff Gary Rand then demanded a specific response and facts, with citation to the
7   Policy, as required under California law and insurance regulations.  Defendant INSURER then failed
8   to respond, continued to deduct increased amounts from the Policy and raise the premium to cover
9   them, with no explanation of the reasons for the deductions or how they had been calculated and no
10  notice to the policy owners.  Plaintiffs were not aware at that time that Defendant INSURER used an
11  undisclosed formula to set costs and those costs were being purposefully increased to try to force a
12  policy lapse.  Moreover, Plaintiffs were unaware that Defendant INSURER's use of the term "in part"
13  referred to this undisclosed formula, concealed a deviation from the actual Policy provisions and
14  referred to a cost setting policy that was completely determined by Defendant INSURER using
15  whatever factors it chose to use.
16      13.  During the period Plaintiff Gary Rand requested information about the Defendants'
17  wrongful conduct he was referred to Co-Defendant AGENT, because Defendants operate illegally as
18  agents in California and have no licensed personnel in California.  Thereafter, Defendants INSURER's
19  letters contined a "cc" to an illusory "AGENT," and Co-Defendant AGENT failed to assist Plaintiff.
20      14.  Defendant INSURER then falsely claimed the Policy had lapsed and on April 15, 2017,
21  "terminated" the Policy, by letter addressed solely to Gary Rand , not including the policy owners, as
22  required by the policy, and returned Plaintiffs' premium payment, despite Plaintiffs' payments of
23  premiums under protest, while waiting for an explanation of Defendants' conduct.  This letter is void
24  as it was never sent to the policy owners.
25      15.  On January 5, 2019, Plaintiffs notified Defendants of their violation of California Civil
26  Code §1770(a)(7), (16), and (21), in compliance with the law, and demanded remediation.
27      16.  At the very time Plaintiff Gary Rand was demanding the explanations above, because of
28  exactly the same wrongful conduct stated above, New York and California lawmakers were searching

1  for ways to address this bad faith tactic, called "shock and lapse," to help elderly universal life

2  policyholders to deal with exactly what had occurred to Plaintiff, wherein unexplained costly

3  deductions and premium increases are intentionally charged by the insurer without notice to the

4  insured to drive the insured to permit the insurance to lapse because it was now too costly and would

5  never earn interest. Ultimately their efforts became law, as California Assembly Bill 2634, which

6  requires an insurer to provide notice to a policyholder of a flexible premium life insurance policy

7  whenever the policy is subject to an increase in the cost of insurance charge or administrative expense

8  charge no later than 90 days before the effective date of the increase so that the policyholder can make

9  informed decisions and plan accordingly to avoid a possible cancellation of coverage. Defendants, and

10  each of them, knew Plaintiffs' Policy should have remained in full force and effect, and that their

11  refusal to communicate, provide explanation of deductions, increase in the cost of the Policy with

12  concealed formulas and factors, and improper termination of the Policy, without refunding all prior

13  premium payments, after payments of almost the same value of the Policy itself had been received by

14  them, when Plaintiff, Gary Rand the insured, now 79, would not be able to reinstate the Policy, or

15  obtain other coverage, were improper, misleading and in bad faith. Plaintiffs did suffer extreme

16  distress from Defendants' outrageous, despicable, oppressive, malicious and fraudulent conduct.

17  **FIRST CAUSE OF ACTION**

18  **FOR BREACH CONTRACT**

19  **(By Plaintiffs Against Defendant, INSURER, DOES 1 to 50)**

20      17.  Plaintiffs repeat and reallege all paragraphs of the preceding allegations herein and

21  incorporate said paragraphs as though set forth in full in this Cause of Action.

22      18.  Plaintiffs and Defendants INSURER and Does 1 through 50, entered into a contract as

23  stated in Plaintiffs' factual allegations. The Policy provided for life insurance as stated above. The

24  Policy also implied, by operation of law, the obligation that Defendant, INSURER, act with the utmost

25  good faith and deal fairly with Plaintiffs concerning any and all aspects of the relationship between

26  Plaintiffs and Defendants from date of Policy procurement, through the progression of the Policy's

27  value, and throughout the process of this litigation, which would not have occurred but for Defendants'

28  breaches, below.

19.  Throughout the Policy period, Plaintiffs properly paid premiums and performed each act required on their part to be considered covered under the Policy which was at all times herein mentioned in full force and effect.  Plaintiffs intended and expected thereby to be assured of peace of mind and financial and economic security in the event of the death of Gary Rand and for the security of the law practice which the Policy was intended to protect.

20.  Defendants INSURER and Does 1 through 50, accepted the premium payments from Plaintiffs for said Policy benefits.  In reliance upon Defendant, INSURER's representations, and without knowledge of how said Defendants would falsely claim facts to "terminate" the Policy, Plaintiffs continued paying the premiums relying upon the fact they would continue to receive coverage and benefits under said Policy.

21.  Defendants falsely stated that the Policy was "terminated" and had no good faith basis to make said claim.

22.  Defendants refused to communicate with Plaintiffs or to provide support for their contentions as to the value of the Policy and amount of Policy premiums.

23.  Defendants' communication was incomplete, inaccurate, improper, unreasonable, and incompetent.  The true value Plaintiffs' Policy was concealed by such actions, appraisals and delays.

24.  Said conduct constitutes a material and unreasonable breach of the written contract, the Policy.

25.  Defendants, INSURER, and Does 1 through 50, have breached the duty of good faith and fair dealing owed to their insureds, Plaintiffs, by unreasonable and wrongful conduct and bias among other breaches and failures by:

a.  Failing to issue a policy which reflects the terms and conditions as represented to Plaintiffs;

b.  Engaging in deceptive practices;

c.  Failing to acknowledge and act reasonably promptly upon communications from Plaintiffs and to implement reasonable standards for the prompt, accurate and complete investigation and processing of Plaintiffs' requests;

d.  Failing to abide by the coverage as set forth in the Policy;

8
COMPLAINT

1          e. Discriminating against Plaintiff Gary Rand.

2          26. Plaintiffs are informed and believe and thereon allege that Defendants, INSURER, and

3   Does 1 through 50, breached their duty of good faith and fair dealing to Plaintiffs by other acts,

4   omissions or violations of standards of which Plaintiffs are presently unaware. Plaintiffs will seek

5   leave of Court to amend this Complaint at such time as Plaintiffs discover the other acts, violations

6   or omissions of said Defendant, INSURER, constituting such bad faith.

7          27. As a proximate result of the aforementioned unreasonable and wrongful conduct of

8   Defendants, INSURER, and Does 1 through 50, Plaintiffs have suffered by their inability to receive

9   the benefits pursuant to the Policy, which benefits total approximately in excess of the minimum

10  jurisdiction of this Court.

11         28. As a further proximate result of the aforementioned wrongful conduct of Defendants,

12  INSURER, and Does 1 through 50, Plaintiffs suffered anxiety, worry, anger, mental and emotional

13  distress, and other incidental damages and out-of-pocket expenses, all to Plaintiffs' general damage

14  for a total amount to be determined at the time of trial. The above course of conduct was pursued

15  without due regard for and in reckless and conscious disregard of the financial and emotional

16  circumstance of Plaintiffs.

17         29. By their conduct herein, Defendants, INSURER, and Does 1 through 50, are estopped from

18  asserting any exclusions under the Policy which may exist and have waived any exclusions under the

19  Policy which may exist.

20         30. On information and belief, Defendants, INSURER, and Does 1 through 50, conduct was

21  an instance of a larger pattern of conduct involving claims of other similarly situated insureds

22  throughout California. In pursuing said wrongful and unreasonable conduct, Defendants, INSURER,

23  and Does 1 through 50, were pursing unfair trade practices.

24         31. As a further direct and proximate result of the conduct of Defendants, INSURER, and

25  Does 1 through 50, Plaintiffs incurred and will incur economic detriment including but not limited to

26  attorneys' fees, costs and expenses of litigation, and other special damages in an amount not yet

27  determined.

28         32. Defendants', INSURER, and Does 1 through 50 , conduct as described herein was

1 undertaken with a conscious disregard of Plaintiffs' rights, based upon said Defendants' greed and
2 superior bargaining power, and with the intent to vex, injure and annoy Plaintiffs so as to constitute
3 malice, fraud or oppression pursuant to <u>California Civil Code</u> §3294. Such conduct entitles Plaintiffs
4 to punitive damages in an amount appropriate to deter such conduct.

5 **SECOND CAUSE OF ACTION**

6 **FOR BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

7 **(By Plaintiffs Against Defendants, INSURER, DOES 1-50)**

8     33.   Plaintiffs repeat and reallege all paragraphs of the preceding allegations herein and
9 incorporate said paragraphs as though set forth in full in this Cause of Action.

10    34.   Plaintiffs and Defendants INSURER and Does 1 through 50, entered into a contract as
11 stated in Plaintiffs' factual allegations.  The Policy provided for life insurance as stated above.  The
12 Policy also implied, by operation of law, the obligation that Defendant, INSURER, act with the utmost
13 good faith and deal fairly with Plaintiffs concerning any and all aspects of the relationship between
14 Plaintiffs and Defendants from date of Policy procurement, through the progression of the policies
15 value, and throughout the process of this litigation, which would not have occurred but for Defendants'
16 breaches, below.

17    35.   Throughout the Policy period, Plaintiffs properly paid premiums and performed each act
18 required on their part to be considered covered under the Policy which was at all times herein
19 mentioned in full force and effect.  Plaintiffs intended and expected thereby to be assured of peace of
20 mind and financial and economic security in the event of the death of Gary Rand and for the security
21 of the law practice which the Policy was intended to protect.

22    36.   Defendants INSURER and Does 1 through 50, accepted the premium payments from
23 Plaintiffs for said Policy benefits.  In reliance upon Defendant, INSURER's representations, and
24 without knowledge of how said Defendants would falsely claim facts to "terminate" the Policy,
25 Plaintiffs continued paying the premiums relying upon the fact they would continue to receive
26 coverage and benefits under said Policy.

27    37.   Defendants falsely stated that the Policy was "terminated" and had no good faith basis to
28 make said claim.

10
COMPLAINT

1    38.  Defendants refused to communicate with Plaintiffs or to provide support for their

2    contentions as to the value of the Policy and amount of Policy premiums.

3    39.  Defendants' communication was incomplete, inaccurate, improper, unreasonable, and

4    incompetent.  The true value Plaintiffs' Policy was concealed by such actions, appraisals and delays.

5    40.  Said conduct constitutes a material and unreasonable breach of the written contract, the

6    Policy.

7    41.  Defendants, INSURER, and Does 1 through 50, have breached the duty of good faith and

8    fair dealing owed to their insureds, Plaintiffs, by unreasonable and wrongful conduct and bias. among

9    other breaches and failures by:

10    a.  Failing to issue a Policy which reflects the terms and conditions as represented to

11    Plaintiffs;

12    b.  Engaging in deceptive practices;

13    c.  Failing to acknowledge and act reasonably promptly upon communications from

14    Plaintiffs and to implement reasonable standards for the prompt, accurate and complete investigation

15    and processing of Plaintiffs' requests;

16    d.  Failing to abide by the coverage as set forth in the Policy;

17    e.  Discriminating against Plaintiff Gary Rand.

18    42.  Plaintiffs are informed and believe and thereon allege that Defendants, INSURER and

19    Does 1 through 50, breached their duty of good faith and fair dealing to Plaintiffs by other acts,

20    omissions or violations of standards of which Plaintiffs are presently unaware.  Plaintiffs will seek

21    leave of Court to amend this Complaint at such time as Plaintiffs discover the other acts, violations

22    or omissions of said Defendant, INSURER, constituting such bad faith.

23    43.  As a proximate result of the aforementioned unreasonable and wrongful conduct of

24    Defendants, INSURER and Does 1 through 50, Plaintiffs have suffered by their inability to receive the

25    benefits pursuant to the Policy, which benefits total approximately in excess of the minimum

26    jurisdiction of this Court.

27    44.  As a further proximate result of the aforementioned wrongful conduct of Defendants,

28    INSURER and Does 1 through 50, Plaintiffs have suffered anxiety, worry, anger, mental and emotional

11

COMPLAINT

1  distress, and other incidental damages and out-of-pocket expenses, all to Plaintiffs' general damage

2  for a total amount to be determined at the time of trial. The above course of conduct was pursued

3  without due regard for and in reckless and conscious disregard of the financial and emotional

4  circumstance of Plaintiffs.

5      45. By its conduct herein, Defendants, INSURER and Does 1 through 50, are estopped from

6  asserting any exclusions under the Policy which may exist and have waived any exclusions under the

7  Policy which may exist.

8      46. As a further direct and proximate result of the conduct of Defendants, INSURER and Does

9  1 through 50, Plaintiffs have incurred and will incur general damages, emotional distress, and

10  economic detriment including but not limited to attorneys' fees, costs and expenses of litigation, and

11  other special damages in an amount not yet determined.

12      47. Defendants, INSURER and Does 1 through 50's , conduct as described herein was

13  undertaken with a conscious disregard of Plaintiffs' rights, based upon said Defendants' greed and

14  superior bargaining power, and with the intent to vex, injure and annoy Plaintiffs so as to constitute

15  malice, fraud or oppression pursuant to California Civil Code §3294. Such conduct entitles Plaintiffs

16  to punitive damages in an amount appropriate to deter such conduct.

17              **THIRD CAUSE OF ACTION**

18              **FOR BREACH CONTRACT**

19      **(By Plaintiffs Against Defendant, AGENT, DOES 51 to 100)**

20      48. Plaintiffs repeat and reallege all paragraphs of the preceding allegations herein and

21  incorporate said paragraphs as though set forth in full in this Cause of Action.

22      49. Defendant AGENT, DOES 51 to 100 acting as an insurance broker entered into an

23  agreement with Plaintiffs in which Defendant agreed to assess the Policy, its value, and premiums

24  charged for accuracy, to make sure Plaintiffs had the appropriate coverage, to obtain an insurance

25  policy that provided the coverage Plaintiffs believed they had purchased, to assist with policy

26  administration and obtaining communications from Defendant INSURER in a good faith manner.

27  Defendant INSURER represented that Plaintiffs had to go through an agent.

28      50. Throughout the Policy period, Plaintiffs regularly paid Policy premiums which Plaintiffs

12
COMPLAINT

1    are informed and believe resulted in the payment of commissions to Defendant AGENT and performed

2    each act required on their part to be considered covered under the Policy which was at all times herein

3    mentioned in full force and effect.  Plaintiffs intended and expected thereby to be assured of peace of

4    mind and financial and economic security as stated herein.

5         51.  Plaintiffs are informed and believe that Defendants AGENT, and Does 51 through 100,

6    received commissions from premium payments from Plaintiffs.

7         52.  Plaintiffs are informed and believe that Defendants AGENT, and Does 51 through 100,

8    received communications about Plaintiffs' questions and that Defendant AGENT refused and failed

9    to communicate with Plaintiffs, instead ignoring Plaintiffs' requests for assistance.

10        53.  Defendants AGENT, and Does 51 through 100, became obligated to timely and adequately

11   assist Plaintiffs with their Policy and to assist in the events prior to the claimed termination of it, so

12   as to avoid any forfeiture of Plaintiffs' rights under the Policy.

13        54.  That Defendants, AGENT and Does 51 through 100, failed to assist Plaintiffs.

14        55.  Defendants, AGENT, and Does 51 through 100, have breached their agreement with

15   Plaintiffs by failing to assist Plaintiffs and engaging in deceptive practices to assist Defendant

16   INSURER.  Plaintiffs are informed and believe and thereon allege that Defendants, AGENT, and Does

17   51 through 100, breached the contracts by other acts, omissions or violations of standards of which

18   Plaintiffs are presently unaware.  Plaintiffs will seek leave of Court to amend this Complaint at such

19   time as Plaintiffs discover the other acts, violations or omissions of said Defendants constituting such

20   bad faith.

21        56.  As a further direct and proximate result of the conduct of Defendants AGENT and Does

22   51 through 100, Plaintiffs have incurred and will incur economic detriment including but not limited

23   to attorneys' fees, costs and expenses of litigation, and other special damages in an amount not yet

24   determined.  As a proximate result of the aforementioned wrongful conduct of Defendants AGENT

25   and Does 51 through 100, Plaintiffs were denied the opportunity to purchase appropriate and desired

26   insurance coverage and to receive coverage for losses and damages herein described.

27                      **FOURTH CAUSE OF ACTION**

28                      **BREACH OF FIDUCIARY DUTIES**

13
COMPLAINT

1                 **(By Plaintiffs Against Defendant, AGENT, DOES 51 to 100)**

2         57. Plaintiffs repeat and reallege all preceding paragraphs and incorporate those paragraphs

3 as though set forth in full in this cause of Action.

4         58. At all times relevant herein Plaintiffs sought information and advice concerning the Policy

5 from Defendant INSURER who referred Plaintiff Gary Rand to Defendant AGENT and Does 51

6 through 100 as their insurance agent. In such matters, Defendants AGENTS and Does 51 through 100

7 represented themselves to be experts and held themselves out as having superior training, education

8 and knowledge and created a duty and special relationship thereby. Further, in view of the relationship

9 between the parties, and the representations alleged herein, Plaintiffs relied on Defendants AGENT

10 and Does 51 through 100, to furnish information concerning the issuance and procurement of

11 appropriate insurance from a licensed and reputable insurer with personnel in the State of California

12 authorized to conduct business here, which created a fiduciary relationship between themselves and

13 Plaintiffs and said fiduciary relationship existed at all relevant times.

14         59. Plaintiffs allege that Defendants, AGENT and Does 51 through 100, have breached their

15 fiduciary duty owed to Plaintiffs by the acts and omissions set forth in the prior causes of action.

16         60. As a further proximate result of the aforementioned wrongful conduct of Defendants,

17 AGENT and Does 51 through 100, Plaintiffs have suffered anxiety, worry, anger, mental and

18 emotional distress, and other incidental damages and out-of-pocket expenses, all to Plaintiffs' general

19 damage for a total amount to be determined at the time of trial. The above course of conduct was

20 pursued without due regard for and in reckless and conscious disregard of the financial and emotional

21 circumstance of Plaintiffs.

22         61. Defendants' conduct as described herein was undertaken with a conscious disregard of

23 Plaintiffs' rights, based upon said Defendants' greed and superior bargaining power, and with the

24 intent to vex, injure and annoy Plaintiffs so as to constitute malice, fraud or oppression pursuant to

25 California Civil Code §3294. Such conduct entitles Plaintiffs to punitive damages in an amount

26 appropriate to deter such conduct.

27                         **FIFTH CAUSE OF ACTION**

28        **FOR VIOLATION OF BUSINESS & PROFESSIONS CODE §17200**

**(By Plaintiffs Against All Defendants, DOES 1 to 100)**

62.   Plaintiffs repeat and reallege the Preliminary Allegations, Factual Allegations and the preceding Causes of Action herein and incorporate said paragraphs as though set forth in full in this Cause of Action.

63.   Defendants' acts as specifically stated herein, constitute unfair business practices which are illegal under California Business & Professions Code §17200 (which prohibits unfair competition, which includes unlawful, unfair or fraudulent business acts or practices and unfair, deceptive or untrue acts).

64.   As a proximate result of Defendants' course of unfair and deceptive conduct Plaintiffs have been injured as previously alleged. Plaintiffs seek all relief allowed pursuant to statute. Plaintiffs seek reinstatement of the Policy, a specific statement and accounting of all premiums, disgorgement of any profit gained by Defendants due to Defendants' wrongful conduct, restitution and attorneys fees.

65.   Defendants' violation of the statute was willful, oppressive, malicious and fraudulent. Plaintiffs request an assessment of punitive damages based upon the above. In doing the things alleged herein, Defendants, and each of them, acted with malice, fraud, and oppression and in conscious disregard of the high probability of causing severe damage, thus warranting the assessment of punitive and exemplary damages to punish said Defendants and to make an example for others.

## SIXTH CAUSE OF ACTION

### FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

**(By Plaintiffs Against All Defendants, DOES 1 to 100)**

66.   Plaintiffs repeat and reallege the Preliminary Allegations, Factual Allegations and the preceding Causes of Action herein and incorporate said paragraphs as though set forth in full in this Cause of Action.

67.   When Defendants, and each of them, committed the acts described in this Complaint, they did so deliberately and intentionally to cause Plaintiffs to suffer mental anguish and emotional distress. Defendants were aware Plaintiffs were relying upon the services, and insurance to provide the coverage necessary to protect them in the case of Gary Rand's death. Defendants were aware that acting in the manner in which they have was outrageous and exceeded that which is expected in normal society,

1  thereby causing Plaintiffs to suffer extreme emotional distress, and other consequential damages.

2      68.  When Defendants, and each of them, did the acts described in this Complaint they did so

3  deliberately and intentionally to cause emotional distress to Plaintiffs. These acts of Defendants, and

4  each of them, cannot be expected to normally occur.

5      69.  The above stated acts of the Defendants, and each of them, constituted intentional

6  infliction of emotional distress against Plaintiffs and such conduct of Defendants was a substantial

7  and/or determining factor in proximately causing damage and injury to Plaintiffs.

8      70.  As a proximate consequence of Defendants' wrongful acts against Plaintiffs, they have

9  suffered emotional distress, and other general and special damages.

10     71. Defendants' actions were willful, reckless and exhibited a conscious disregard of the rights

11  of Plaintiffs.  Accordingly, Plaintiffs are entitled to punitive damages, according to proof.

12  **SEVENTH CAUSE OF ACTION**

13  **FOR FRAUD**

14  **(By Plaintiffs Against All Defendants, DOES 1 to 100)**

15     72.  Plaintiffs repeat and reallege all preceding paragraphs and herein incorporate said

16  paragraphs as though set forth in full in this Cause of Action.

17     73.  At the time Defendants INSURER and Does 1 through 100, and each of them, procured

18  the Policy for Plaintiffs, and accepted Plaintiffs' premiums, they promised to properly account for the

19  policies cash value and premiums.  Defendants, INSURER, AGENT and Does 1 through 100,

20  misrepresented to Plaintiffs that Defendants INSURER, AGENT, and Does 1 through 100 true intent

21  was to delay, limit, restrict and deny insurance coverage so as to claim that the Policy had terminated.

22     74.  Defendants, INSURER, AGENT and Does 1 through 100, knew at the time they made

23  their representations, or concealments and failure to disclose, as stated herein, that these

24  representations as to Policy value, accounting and premium were thereby false, misleading, inaccurate,

25  and incomplete to limit the financial responsibility of Defendants INSURER and Does 1 through 50.

26     75.  Defendants, INSURER, AGENT, and Does 1 through 100, assured Plaintiffs that the

27  evaluation and representations as to Policy value, accounting and premium would be based upon skill

28  and experience.

16
COMPLAINT

76.   In making said representations as to Policy value, accounting and premiums due, Defendants INSURER, AGENT and Does 1 through 100 misrepresented to Plaintiffs that Defendants, INSURER, AGENT and Does 1 through 100 had properly determined, based upon a complete, accurate or proper evaluation, the Policy value and premiums due.

77.   As a result of the misrepresentation of material terms concerning the Policy value and premiums due, same was not disclosed and concealed and thereby misrepresented by Defendants, INSURER, AGENT and Does 1 through 100, to Plaintiffs.

78.   Defendants INSURER, AGENT and Does 1 through 100, knew at the time that they engaged in such representations, actions, conduct and inactions described herein that the same were false, misleading and untrue for the sole purpose of Defendants INSURER and Does 1 through 50 obtaining Plaintiffs' insurance premiums and thereafter to limit said Defendants INSURER and Does 1 through 50's financial obligations to Plaintiffs, and other financial or economic gains.

79.   Plaintiffs justifiably relied on the conduct, actions, inactions and representations of Defendants INSURER, AGENT and Does 1 through 100, including such reliance of making full payment of the insurance premiums. Had Plaintiffs known the truth, they would not have taken such action.   As a result of Plaintiffs' justifiable reliance on the conduct, actions, inactions and representations made by Defendants INSURER, AGENT and Does 1 through 100, Plaintiffs suffered damages in that the conduct, actions, inactions and representations were fraudulent, misleading, concealed, not fully disclosed, and untrue.

80.   The above course of conduct was pursued without due regard for and in reckless and conscious disregard of the financial and emotional circumstance of Plaintiffs.   As a direct and proximate result of the conduct of Defendants INSURER, AGENT and Does 1 through 100, Plaintiffs have suffered anxiety, worry, anger, emotional and mental distress and out of pocket expenses all to their general damage in an amount to be determined.

81.   As a further direct and proximate result of the conduct of Defendants INSURER, AGENT and Does 1 through 100, Plaintiffs have incurred and will incur economic detriment including but not limited to attorneys fees, costs and expenses of litigation, and other special damages in an amount not yet determined.

82. At all times relevant herein Defendants INSURER, AGENT and Does 1 through 100, acted fraudulently, with malice, oppression and willful disregard for Plaintiffs' rights and interests as Defendants INSURER and Does 1 through 50 sold its insurance product with undisclosed and concealed limitations, and terminated same while concealing Policy value. The conduct of Defendants as described herein was undertaken with a conscious disregard of Plaintiffs' rights, based upon said Defendants INSURER, AGENT and Does 1 through 100's greed, superior bargaining and advertising power, and with the intent to vex, injure and annoy Plaintiffs so as to constitute malice, fraud or oppression pursuant to California Civil Code §3294. Such conduct entitles Plaintiffs to punitive damages in an amount appropriate to deter such conduct of Defendants INSURER, AGENT and Does 1 through 100.

## EIGHTH CAUSE OF ACTION

### FOR NEGLIGENT MISREPRESENTATION

### (By Plaintiffs Against All Defendants, DOES 1 to 100)

83. Plaintiffs repeat and reallege all preceding paragraphs and herein incorporate said paragraphs as though set forth in full in this Cause of Action.

84. Defendants INSURER, AGENT and Does 1 through 100, misrepresented to Plaintiffs that Defendants INSURER'S and Does 1 through 50 true intent to delay, limit, restrict and deny insurance coverage. Defendants INSURER, AGENT and Does 1 through 100, knew that Defendants INSURER and Does 1 through 50, would delay, limit, reject, and fail to pay the Policy benefits and would not engage in proper accounting of Policy values.

85. Defendants INSURER, AGENT and Does 1 through 100, on the dates stated in the factual allegations, knew at the time they made their representations, as stated herein, that these representations as to Policy values and premiums were false, misleading, inaccurate, and incomplete so as to limit Defendants INSURER and Does 1 through 50's financial responsibility.

86. Defendants INSURER, AGENT and Does 1 through 100, assured Plaintiffs that the evaluation and accounting would be based upon skill and experience.

87. Defendants INSURER, AGENT and Does 1 through 100 did not, nor could not based on their lack of skill and experience properly determine or provide a complete, accurate or proper

1   accounting as stated herein.

2       88. Defendants INSURER, AGENT and Does 1 through 100, failed to completely, accurately,

3   properly and timely investigate, process, handle, evaluate, and account for Policy value and premiums.

4       89. As a result of the concealment, failure to disclose and false misrepresentation of material

5   terms concerning Policy value and premiums.

6       90. Defendants INSURER, AGENT and Does 1 through 100, knew at the time that they failed

7   to disclose, concealed and engaged in such representations, actions, conduct and inactions described

8   herein that the same were false, misleading and untrue for the sole purpose of Defendants INSURER

9   and Does 1 through 50 obtaining Plaintiffs' insurance premiums and thereafter to limit Defendants

10  INSURER and Does 1 through 50's financial obligations to Plaintiffs, and other financial or economic

11  gains.

12      91.  Plaintiffs justifiably relied on the conduct, actions, inactions and representations of

13  Defendants INSURER, AGENT and Does 1 through 100.  Plaintiffs suffered damages in that the

14  conduct, actions, inactions and representations were fraudulent, misleading, concealed, not fully

15  disclosed, and untrue.

16      92.  The above course of conduct was pursued without due regard for and in reckless and

17  conscious disregard of the financial and emotional circumstance of Plaintiffs.  As a direct and

18  proximate result of the conduct of Defendants INSURER, AGENT and Does 1 through 100, Plaintiffs

19  have suffered anxiety, worry, anger, emotional and mental distress and out of pocket expenses all to

20  their general damage in an amount to be determined.

21      93.  As a further direct and proximate result of the conduct of Defendants INSURER, AGENT

22  and Does 1 through 100, Plaintiffs have incurred and will incur economic detriment including but not

23  limited to, attorneys fees, cost and expenses of litigation, and other special damages in an amount not

24  yet determined.

25      94.  At all times relevant herein Defendants INSURER, AGENT and Does 1 through 100, acted

26  fraudulently, with malice, oppression and willful disregard for Plaintiffs' rights and interests as

27  Defendants INSURER and Does 1 through 50 sold its insurance product with undisclosed and

28  concealed limitations, implemented unreasonable and wrongful accountings, then improperly

19
COMPLAINT

1  terminated the Policy solely for said Defendants INSURER and Does 1 through 50's, greed, economic

2  benefit, and to obtain Plaintiffs premiums.  The conduct of Defendants as described herein was

3  undertaken with a conscious disregard of Plaintiffs' rights, based upon said Defendants INSURER,

4  AGENT and Does 1 through 100's greed and superior bargaining and advertising power, and with the

5  intent to vex, injure and annoy Plaintiffs so as to constitute malice, fraud or oppression pursuant to

6  California Civil Code §3294.  Such conduct entitles Plaintiffs to punitive damages in an amount

7  appropriate to deter such conduct of Defendants INSURER, AGENT and Does 1 through 100.

8  ## NINTH CAUSE OF ACTION

9  ## FOR CONCEALMENT

10  ### (By Plaintiffs Against All Defendants, DOES 1 to100)

11      95.   Plaintiffs repeat and reallege all preceding paragraphs and herein incorporate said

12  paragraphs as though set forth in full in this Cause of Action.

13      96.   Defendants INSURER, AGENT and Does 1 through 100, concealed Defendants

14  INSURER'S and Does 1 through 50 true intent to delay, limit, restrict and deny insurance coverage.

15  Defendants INSURER, AGENT and Does 1 through 100, knew that Defendants INSURER and Does

16  1 through 50, would delay, limit, reject, and fail to pay the Policy benefits and would not engage in

17  proper accounting of Policy values.

18      97.  Defendants INSURER, AGENT and Does 1 through 100, on the dates stated in the factual

19  allegations, knew at the time of their concealments and failure to disclose, as stated herein, that these

20  representations as to Policy values and premiums were false, misleading, inaccurate, and incomplete

21  so as to limit Defendants INSURER and Does 1 through 50's financial responsibility.

22      98.   Defendants INSURER, AGENT and Does 1 through 100, assured Plaintiffs that the

23  evaluation and accounting would be based upon skill and experience.

24      99.  Defendants INSURER, AGENT and Does 1 through 100 did not, nor could not based on

25  their lack of skill and experience properly determine or provide a complete, accurate or proper

26  accounting as stated herein.

27      100. Defendants INSURER, AGENT and Does 1 through 100, failed to completely, accurately,

28  properly and timely investigate, process, handle, evaluate, and account for Policy value and premiums.

101. As a result of the concealment, failure to disclose and false misrepresentation of material terms concerning Policy value and premiums.

102. Defendants INSURER, AGENT and Does 1 through 100, knew at the time that they failed to disclose, concealed and engaged in such representations, actions, conduct and inactions described herein that the same were false, misleading and untrue for the sole purpose of Defendants INSURER and Does 1 through 50 obtaining Plaintiffs' insurance premiums and thereafter to limit Defendants INSURER and Does 1 through 50's financial obligations to Plaintiffs, and other financial or economic gains.

103. Plaintiffs justifiably relied on the conduct, actions, inactions and representations of Defendants INSURER, AGENT and Does 1 through 100. Plaintiffs suffered damages in that the conduct, actions, inactions and representations were fraudulent, misleading, concealed, not fully disclosed, and untrue.

104. The above course of conduct was pursued without due regard for and in reckless and conscious disregard of the financial and emotional circumstance of Plaintiffs. As a direct and proximate result of the conduct of Defendants INSURER, AGENT and Does 1 through 100, Plaintiffs have suffered anxiety, worry, anger, emotional and mental distress and out of pocket expenses all to their general damage in an amount to be determined.

105. As a further direct and proximate result of the conduct of Defendants INSURER, AGENT and Does 1 through 100, Plaintiffs have incurred and will incur economic detriment including but not limited to, attorneys fees, cost and expenses of litigation, and other special damages in an amount not yet determined.

106. At all times relevant herein Defendants INSURER, AGENT and Does 1 through 100, acted fraudulently, with malice, oppression and willful disregard for Plaintiffs' rights and interests as Defendants INSURER and Does 1 through 50 sold its insurance product with undisclosed and concealed limitations, implemented unreasonable and wrongful accountings, then improperly terminated the Policy solely for said Defendants INSURER and Does 1 through 50's, greed, economic benefit, and to obtain Plaintiffs premiums. The conduct of Defendants as described herein was undertaken with a conscious disregard of Plaintiffs' rights, based upon said Defendants INSURER,

21

1   AGENT and Does 1 through 100's greed and superior bargaining and advertising power, and with the

2   intent to vex, injure and annoy Plaintiffs so as to constitute malice, fraud or oppression pursuant to

3   California Civil Code §3294.  Such conduct entitles Plaintiffs to punitive damages in an amount

4   appropriate to deter such conduct of Defendants INSURER, AGENT and Does 1 through 100.

5   ### TENTH CAUSE OF ACTION

6   ### FOR VIOLATION OF CONSUMER LEGAL REMEDIES ACT

7   ### [CIVIL CODE §§1750, et seq., 1770]

8   ### By Plaintiffs Against Defendants, AGENT, DOES 51 to 100)

9   107.  Plaintiffs repeat and reallege all preceding paragraphs and herein incorporate said

10  paragraphs as though set forth in full in this Cause of Action.

11  108. Defendants, AGENT and Does 51 through 100 provided Plaintiffs with services as stated

12  in the preceding and following causes of action.  Plaintiffs and/or their representative notified

13  Defendants, AGENT of their violation of Civil Code §1782(a)(2) regarding failure to provide

14  brokerage, repair and remediation services as promised under Civil Code §1770(a)(7), (16), and (21),

15  and demanded Defendants remedy said issues.

16  109.  Pursuant to the requirements of Civil Code §1780(c) Plaintiffs state that this case is filed

17  within Los Angeles County, wherein Plaintiffs reside and where the contract was to take place, and

18  where all Defendants do business.  Plaintiffs have complied with all other applicable provisions of said

19  statute.

20  110.  As a further direct and proximate result of the aforementioned breaches by Defendants

21  stated in the causes of action above and their failure to remedy same after being put on notice by

22  Plaintiffs of Defendants' violations of Civil Code §1770(a)(7), (16) and (21), Plaintiffs have suffered

23  anxiety, worry, anger, mental and emotional distress and other incidental damage and out of pocket

24  expenses, all to Plaintiffs' general damage for a total to be shown at the time of trial.

25  111.  The Defendants' conduct as described herein violated Civil Code §1750, et seq., and was

26  deceptive, fraudulent, was under taken with a conscious disregard of Plaintiffs' rights so as to entitle

27  Plaintiffs to compensatory and punitive damages.

28  112.  Defendants' conduct as stated above, entitles Plaintiffs to statutory penalties and punitive

22

COMPLAINT

1 damages.  The conduct of Defendants, AGENT and Does 51 through 100 as described herein was

2 undertaken with a conscious disregard of Plaintiffs' rights, based upon said Defendants greed and

3 superior bargaining and advertising power, and with the intent to vex, injure and annoy Plaintiffs so

4 as to constitute malice, fraud or oppression pursuant to California Civil Code §3294.  Such conduct

5 entitles Plaintiffs to punitive damages in an amount appropriate to deter such conduct.

6                                          **ELEVENTH CAUSE OF ACTION**

7          **FOR VIOLATION OF CALIFORNIA ADMINISTRATIVE REGULATION §2695.7**

8                        **(By Plaintiffs Against Defendants, INSURER, DOES 1 to 50)**

9          113.  Plaintiffs repeat and reallege all preceding paragraphs and herein incorporate said

10 paragraphs as though set forth in full in this Cause of Action.

11          114.  Defendants INSURER, DOES 1 to 50, conduct as stated herein, violated California

12 Administrative Regulations §2695.7, which states that: "No insurer shall discriminate in its claims

13 settlement practices based upon the claimant's age, race, gender, income, religion, language, sexual

14 orientation, ancestry, national origin, or physical disability, or upon the territory of the property or

15 person insured."

16          115.  Defendants and each of them, as more fully set forth above, have acted based upon

17 Plaintiff Gary Rand's age and the Plaintiffs' income level.

18          116.  Defendants' conduct caused Plaintiffs to suffer injury and damages.  Plaintiffs have

19 incurred special and general damages, and emotional distress as described herein.  Plaintiffs seek all

20 damages permitted by statue including attorneys fees.  Defendants' conduct was undertaken with a

21 conscious disregard of Plaintiffs' rights, based upon said Defendants' greed and superior bargaining

22 power, and with the intent to vex, injure and annoy Plaintiffs so as to constitute malice, fraud or

23 oppression pursuant to California Civil Code §3294.  Such conduct entitles Plaintiffs to punitive

24 damages in an amount appropriate to deter such conduct.

25                                          **TWELFTH CAUSE OF ACTION**

26          **UNJUST ENRICHMENT; VIOLATION OF CONSTRUCTIVE TRUST; ACCOUNTING**

27                        **(By Plaintiffs Against Defendants, INSURER, DOES 1 to 50)**

28          117.  Plaintiffs repeat and reallege all preceding paragraphs and herein incorporate said

1  paragraphs as though set forth in full in this Cause of Action.

2       118. A constructive trust is an equitable remedial device by which a Court adjudges specific

3  restitution of a received benefit. Constructive trusts may be imposed when a defendant has acquired

4  money under such circumstances that they in good conscience should not retain. Plaintiffs seek a full

5  accounting of all monies received by Defendants since Policy inception, of the Policy value, the

6  interest earned, how premiums and values were calculated. A constructive trust should be imposed

7  for the purpose of preventing unjust enrichment by the Defendants, as to the value of the Policy and

8  premiums of almost the value of the Policy paid by Plaintiffs, as stated herein

9       119. Defendants have been enriched by not properly accounting for the value of the Policy,

10 not providing Policy value and properly accounting for Policy premiums.

11      120. The above course of conduct was pursued without due regard for and in reckless and

12 conscious disregard of the financial and emotional circumstance of Plaintiffs. As a direct and

13 proximate result of the conduct of Defendants INSURER and Does 1 through 50, Plaintiffs have

14 suffered anxiety, worry, anger, emotional and mental distress and out of pocket expenses all to their

15 general damage in an amount to be determined.

16      121. As a further direct and proximate result of the conduct of Defendants INSURER, AGENT

17 and Does 1 through 100, Plaintiffs have incurred and will incur economic detriment including but not

18 limited to, attorneys fees, cost and expenses of litigation, and other special damages in an amount not

19 yet determined. Plaintiff seeks equitable relief including a full accounting, reinstatement of the Policy

20 and restitution.

21                  **THIRTEENTH CAUSE OF ACTION**

22                       **ELDER ABUSE**

23        **(By Plaintiffs Against All Defendants, DOES 1 to 50)**

24      122. Plaintiffs repeat and reallege all preceding paragraphs and herein incorporate said

25 paragraphs as though set forth in full in this Cause of Action.

26      123. This cause of action is brought pursuant to California <u>Welfare & Institutions Code</u>

27 §15600, *et seq.* (The Elder Abuse and Dependent Adult Protection Act). At the time of Defendants'

28 conduct, Plaintiff Gary Rand was 78 years old, an "elder" as defined by <u>Welfare & Institutions Code</u>

§15610.27, and is, therefore, entitled to the statutory protections from abuse provided by Welfare & Institutions Code §15610.07.  Defendants knew Plaintiff Gary Rand was an elder.

124.  By their actions, Defendants are responsible for elder abuse because their treatment of Plaintiff Gary Rand, as described above, resulted in physical harm and/or pain and/or mental suffering in violation of Welfare & Institutions Code §15610.07(a), and Plaintiff is entitled to the remedies provided by the Elder Abuse Act.

125.  As a legal result of Defendants' conduct, Plaintiff Gary Rand has suffered damages, including general and economic damages, including mental distress, in an amount according to proof at trial.

126.  Plaintiff has incurred, and will continue to incur, attorney's fees and costs in this litigation.  Plaintiff, if successful in this action, is entitled to recover such fees and costs from Defendants, under the provisions of Welfare and Institutions Code §15657.5(a).

127.  In committing the actions and conduct described above, Defendants, and each of them, acted with recklessness, oppression, fraud, and malice, and Plaintiff therefore is entitled to an award of exemplary or punitive damages pursuant to Welfare and Institutions Code §15657.5 and Civil Code §3294, and treble damages pursuant to Civil Code §3345.

**WHEREFORE**, Plaintiffs pray for judgment against all Defendants, and each of them, according to proof as follows:

1.  For general damages as to each Plaintiff, which for the purposes of any future default proceedings shall not exceed $5,000,000.00;

2.  For special damages as to each Plaintiff, which for the purposes of any future default proceedings shall not exceed $5,000,000.00;

3.  Interest on compensatory damages at the legal rate from the date of injury or pursuant to Code of Civil Procedure §3291, which for the purposes of any future default proceedings shall not exceed $5,000,000.00;

4.  For other compensatory damages, emotional distress and other economic and non-economic losses, which for the purposes of any future default proceedings shall not exceed $5,000,000.00;

5.  Punitive and exemplary damages, which for the purposes of any future default proceedings

1   shall not exceed $5,000,000.00;

2        6. Attorneys fees, which for the purposes of any future default proceedings shall not exceed

3   $5,000,000.00;

4        7. For treble damages pursuant to Civil Code §3345 not exceed $5,000,000.00;

5        8. Costs and expenses of suit incurred herein , which for the purposes of any future default

6   proceedings shall not exceed $5,000,000.00;

7        9. For an accounting, reinstatement of the Policy, disgorgement of funds, and or reinstatement

8   of all premiums paid form the date of Policy inception;

9        10. For other just and proper relief, which for the purposes of any future default proceedings

10   shall not exceed $5,000,000.00.

11   DATED: March 13, 2019

12

13                          By:

14                              Timothy D. Rand-Lewis
                                Attorney for Plaintiffs

15

16

17

18

19

20

21

22

23

24

25

26

27

28