**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GARY RAND; GARY RAND AS TRUSTEE OF THE RAND 1992 IRREVOCABLE TRUST; SUZANNE E. RAND-LEWIS; SUZANNE E. RAND-LEWIS AS TRUSTEE OF THE SUZANNE E. RAND-LEWIS FAMILY TRUST DATED AUGUST 17, 1993; LESLIE B. RAND-LUBY; LESLIE B. RAND-LUBY AS TRUSTEE OF THE LESLIE B. RAND-LUBY LIVING TRUST DATED NOVEMBER 10, 1995,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>MIDLAND NATIONAL LIFE INSURANCE; MICHAEL L. KELLY; and DOES 1 through 100,<br><br>　　　　　Defendants. | CV 19-3104-RSWL-JEM<br><br>**ORDER re: Defendants' Motion to Dismiss Plaintiffs' FAC** [45, 46] |

Currently before the Court is Defendants Midland National Life Insurance ("MNLI") and Michael L. Kelly's ("Kelly") (collectively, "Defendants") Motion to

Dismiss ("Motion") [45,46] Plaintiffs Gary Rand; Gary Rand as Trustee of the Rand 1992 Irrevocable Trust; Suzanne E. Rand-Lewis; Suzanne E. Rand-Lewis as Trustee of the Suzanne E. Rand-Lewis Family Trust; Leslie B. Rand-Luby; and Leslie B. Rand-Luby as Trustee of the Leslie B. Rand-Luby Living Trust's (collectively, "Plaintiffs") First Amended Complaint [41]. Having reviewed all papers submitted pertaining to the Motion, the Court **NOW FINDS AND RULES AS FOLLOWS: GRANTS** Defendants' Motion to Dismiss **WITHOUT LEAVE TO AMEND.**

## I. BACKGROUND

### A. Factual Background

Plaintiffs are all residents of Los Angeles, California, and insureds, owners, and beneficiaries of the Policy.[1] FAC. ¶ 1, ECF No. 41. Rand purchased the Policy in the early 1980s. Id. ¶ 35. Defendant MNLI was Plaintiffs' insurer and Defendant Kelly was the former Regional Sales Director at MNLI. Pls.' Mot. to Remand at 3:18-19, ECF No. 27; see also Defs.' Notice of Removal at 3:7-8, ECF No. 1.

Plaintiffs assert that the Policy had set premium costs, with costs to be calculated monthly by a set formula. FAC. ¶ 42. Plaintiffs allege that rather

---

[1] There are six Plaintiffs in this Action: (1) Gary Rand; (2) Gary Rand, as Trustee of the Rand 1992 Irrevocable Trust; (3) Suzanne E. Rand-Lewis; (4) Suzanne E. Rand-Lewis, as Trustee of the Suzanne E. Rand-Lewis Family Trust Dated August 17, 1993; (5) Leslie B. Rand-Luby; and (6) Leslie B. Rand-Luby, as Trustee of the Leslie B. Rand-Luby Living Trust Dated November 10, 1995. FAC ¶ 1.

2

than using the set formula, Defendant MNLI increased costs based on an undisclosed formula to get Plaintiffs to relinquish the Policy. Id. ¶¶ 42, 44.

Beginning in April 2012, Rand began asking Defendant MLNI for an accounting and other information concerning the increasing premium costs.[2] See Declaration of Nick Nelson in Support of Removal ("Nelson Decl."), ECF No. 6; FAC ¶¶ 11-12. In his May 1, 2012 letter to Defendant MLNI, Rand indicated that there was "a major question as to how you have determined premium which is being paid under protest, expenses, interest earned, and policy value." Nelson Decl., Ex. 7. Then, in a letter to Defendant MLNI on June 6, 2012, Rand noted, among other things, that the "premium paid is excessive and has been." Id. In his letter to Defendant MLNI on August 22, 2102, Rand demanded that MLNI "immediately rectify the situation by abiding by the terms and conditions" of the Policy, "refund[ing] any and all over-payments," and restoring the "cash value to the proper amount." Id., Ex. 10.

Three years later, beginning in February 2016, Rand again sent letters to Defendant MLNI, this time eventually threatening litigation. See id., Exs. 12 –

---

[2] Rand asked why charges were taken from the Policy value, what the charges were, for an accounting, for Defendants to state how the charges were calculated, what Defendants' basis for the Policy value was, for the amount of premiums Defendants were owed, for an accounting of the premiums paid, and for specific facts as to the charges with reference to the Policy provisions. Compl. ¶ 11, ECF No. 1-1.

3

31 (Rand letters from February 26, 2016-December 5, 2016);  ; id., Ex. 12 ("In fact, the continued policy increases are improper."); id., Ex. 16, May 24, 2016 Letter ("We will be filing an action for declaratory relief and damages, as I have received no response to numerous requests.").

Defendant MNLI provided vague responses to all of Rand's requests. FAC ¶¶ 11-12. Rand was allegedly referred to Defendant Kelly, who was also unhelpful. Id. ¶ 48. Plaintiffs claim Defendant Kelly was their insurance broker. Pls.' Mot. to Remand at 3:18-19. Meanwhile, Defendants assert that Defendant Kelly was never associated with the Policy. Defs.' Notice of Removal ¶ 24; see generally Declaration of Michael L. Kelly in Support of Removal ("Kelly Decl."), ECF No. 3; Declaration of Kristina Seekings in Support of Removal ("Seekings Decl."), ECF No. 5; Declaration of Holly Johnson in Support of Removal ("Johnson Decl."), ECF No. 4; Nelson Decl.

Subsequently in 2017, Defendant MNLI charged Rand a premium payment of $28,708.19 to continue the Policy. See FAC. ¶ 44. Rand contested the amount, as he had already allegedly paid over one million dollars in premiums over the life of the Policy. Id. Further, Plaintiffs contend that when Rand offered a different premium payment, Defendant MNLI improperly refused. Id. ¶ 45. Consequently, Defendant MNLI claimed the Policy lapsed. Id. ¶ 53.

On April 15, 2017, Defendant MNLI terminated the Policy and notified Rand of the termination by letter. Id. Plaintiffs allege that such termination was improper, contending that all owners of the Policy should have been notified.³ Id. ¶ 24. As a result, Plaintiffs assert that the Policy remains in full effect. Id. ¶ 2.

Plaintiffs further allege that to reinstate the Policy, Defendants claimed $28,708.19 and required Rand to provide full medical underwriting, documentation, and release of health information. Id. ¶ 44. Plaintiffs assert that Defendants knew such requirements would prevent Rand from reinstating the Policy. Id. Plaintiffs now bring this Action requesting damages, an accounting, reinstatement of the Policy, and disgorgement of funds. FAC at 43-44.

B. **Procedural Background**

Plaintiffs filed the Complaint [1-1] in the Superior Court of the State of California, County of Los Angeles, on March 13, 2019, alleging breach of contract amongst other related claims.⁴ Defendants

---

³ The Policy states that MNLI will "mail the Owner notice, at his last known address, of the amount of premium that will be sufficient to continue [the] policy . . . ." Policy at 5, ECF No. 1-2. Plaintiffs contend that termination was not proper under this provision because Plaintiffs Rand 1992 Trust Irrevocable Trust, Trustee Suzanne E. Rand-Lewis, and Trustee Leslie B. Rand-Luby are owners of the Policy who were not notified of its termination. FAC. ¶ 24.

⁴ Plaintiffs brought thirteen claims in total. Compl. at 1, ECF No. 1-1. Against Defendant MNLI, Plaintiffs claim: 1) breach

5

removed this Action to this Court on April 22, 2019 [1].

On August 6, 2019, the Court denied Plaintiffs' Motion to Remand [39].[5] Also on August 6, 2019, the Court granted Defendants' Motion to Dismiss.[6] Plaintiffs filed their First Amended Complaint ("FAC") on August 28, 2019 [41]. On September 20, 2019, Defendant Kelly [45] and Defendant MNLI [46] filed the instant Motion. Plaintiffs opposed on October 22, 2019 [47]. Defendant MNLI timely replied [49], which Defendant Kelly joined [48].

## II. DISCUSSION

**A. <u>Legal Standard</u>**

Federal Rule of Civil Procedure 12(b)(6) allows a

---

of contract, 2) breach of the implied covenant of good faith and fair dealing, 3) violation of California Administrative Regulations Section 2695.7, and 4) unjust enrichment; violation of constructive trust; and an accounting. <u>Id.</u> Against Defendant Kelly, Plaintiffs claim: 5) breach of contract, 6) breach of fiduciary duties, and 7) violation of the Consumer Legal Remedies Act. <u>Id.</u> Against Defendants jointly, Plaintiffs assert: 8) violation of Business & Professions Code Section 17200, 9) intentional infliction of emotional distress, 10) fraud, 11) negligent misrepresentation, 12) concealment, and 13) elder abuse. <u>Id.</u>

[5] The Court denied Plaintiffs' Motion to Remand on the basis that the Court found that Defendant Kelly was a sham defendant. <u>See</u> Order re Plaintiff's Motion to Remand; Motion to Dismiss ("Order"), ECF No. 39.

[6] The Court granted Defendants' Motion to Dismiss after finding that all of Plaintiffs' claims were barred by the relevant limitations periods. <u>See</u> Order 27:13-19. The Court granted Plaintiffs leave to amend to include allegations of further investigation that justified delay in bringing suit, or allegations as to equitable estoppel. <u>Id.</u> 31:1-4.

party to move for dismissal of one or more claims if the pleading fails to state a claim upon which relief can be granted. A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation omitted). Dismissal is warranted for a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988) (citation omitted).

In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice. Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007). A court must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the non-moving party. Klarfeld v. United States, 944 F.2d 583, 585 (9th Cir. 1991). The question is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence to support the claims. Jackson v. Birmingham Bd. of Educ., 544 U.S. 167, 184 (2005) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). While a complaint need not contain detailed factual allegations, a plaintiff must provide more than "labels and conclusions" or "a formulaic recitation of the elements

of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). However, a complaint "should not be dismissed under Rule 12(b)(6) 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Balistreri, 901 F.2d at 699 (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

**B. Discussion**

1. Defendant Kelly is a Sham Defendant

Federal Rule of Civil Procedure 21 permits "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." This Court previously ruled that Defendant Kelly is a fraudulently joined "sham defendant." See Order 12:12-16:28. The Court finds that nothing alleged in the FAC changes the status of Defendant Kelly. Accordingly, because he "cannot be liable to [] [P]laintiff[s] on any theory alleged in the [Amended] [C]omplaint," Defendants' Motion is **GRANTED WITHOUT LEAVE TO AMEND** as to all claims against Defendant Kelly.

2. Standing

A plaintiff invoking federal jurisdiction bears the burden of establishing that he has suffered the "invasion of a legally protected interest." Scott v. Pasadena Unified Sch. Dist., 306 F.3d 646, 654 (9th Cir. 2002). That interest may be protected by law or by contract. See, e.g., Hatchwell v. Blue Shield of Calif., 244 Cal. Rptr. 249, 253 (Cal. Ct. App. 1988).

A plaintiff's standing to bring a claim is a threshold issue that must be resolved prior to reaching the merits of the party's claim. See Scott, 306 F.3d at 654.

Only a real party in interest has the right to file a suit under any substantive law. See Saks et al. v. Damon Raike and Company, et al., 8 Cal. Rptr. 2d 869, 874 (Cal. Ct. App. 1992). For claims arising from the ownership and purchase of an insurance policy, only the owner, insured, parties to the contract, and intended beneficiaries have standing to sue.[7] GIC Real Estate, Inc. v. ACE Am. Ins. Co., No. 17-CV-03143-SK, 2017 WL 10442699, at *3 (N.D. Cal. Sept. 21, 2017) (citing Mohamed v. AMCO Ins. Co., 2013 WL 1739477, at *3 (N.D. Cal. Apr. 22, 2013)) ("In the context of an insurance action, a non-party to the insurance contract has standing to bring a claim as an insured or express beneficiary under the contract, but only if the non-party is asserting its own rights under the contract.").

Plaintiffs seek to avoid a limitations defense by arguing in their FAC that the accrual of the limitations period varies from Plaintiff to Plaintiff.

---

[7] "The policy terms as interpreted by the court determine who is an insured and who is an intended beneficiary." Rosenberg v. Truck Ins. Exch., No. B158128, 2003 WL 1950384, at *3 (Cal. Ct. App. Apr. 25, 2003) (citing Hess v. Ford Motor Co., 117 Cal. Rptr. 2d 220 (2002)).

However, this argument need not be addressed, as most of the Plaintiffs in this Action lack standing. Here, the only parties to this Action with standing to bring the claims set forth in the FAC are Plaintiff Gary Rand and Plaintiff Gary Rand, as Trustee of the Rand 1992 Irrevocable Trust.

The life insurance policy was initially taken out with Gary Rand named as both the owner and the insured.[8] See Summit National Life Insurance Request for Service in Supp. of FAC ("Request for Service"). In 1992, Gary Rand changed the beneficiary on the policy, naming the Rand 1992 Irrevocable Trust as the beneficiary. See id. The ownership of the policy was also transferred to the Rand 1992 Irrevocable Trust. See id. Therefore, any claims arising out of this insurance policy could only be brought on behalf of the owner/beneficiary of the policy, the Rand 1992

---

[8] This Court previously determined that "[a] court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." See Order re Plaintiffs' Motion to Remand; Defendants' Motion to Dismiss ("Order re Motion to Dismiss") 22:16-23, ECF No. 39 (citing Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006) (internal citations omitted). The court may treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." Id. Here, Plaintiffs do not contest—and even attach themselves—the authenticity of the Request for Service included in the insurance policy documents. The FAC does "necessarily rely" on this document, as it is the contract giving rise to the protected interest at stake in this Action. Thus, the Court may appropriately consider and assume to be true the insurance policy documents attached to the FAC.

10

Irrevocable Trust, or the insured on the policy, Gary Rand. Claims brought on behalf of the trust must be brought by the trustees of a trust. See Morris v. Choicepoint Servs., Inc., No. C061224SC, 2006 WL 2479122, at *3 (N.D. Cal. Aug. 28, 2006) ("The trustee of a trust, not the beneficiary, has legal title to the assets of a trust and is therefore the real party in interest-not the beneficiary-and may sue in the name of the trust.").

The Request for Service lists Suzanne E. Rand-Lewis and Leslie B. Rand-Luby as trustees of the Rand 1992 Irrevocable Trust.[9] However, Rand-Lewis and Rand-Luby do not sue in their capacities as trustees of the Rand 1992 Irrevocable Trust in this Action; they have only sued as individuals and as trustees of their own trusts. The only Plaintiff in this Action suing in his or her capacity as a trustee of the Rand 1992 Irrevocable Trust is Gary Rand. Accordingly, only Gary

---

[9] The Request for Service, under "Change of Beneficiary," states:
> Rand 1992 Irrevocable Trust dated August 7, 1992
> Trustee: Suzanne E. Rand-Lewis
> Trustee: Leslie B. Rand-Luby

This Court interprets this document to be indicating that the Rand 1992 Irrevocable Trust is the new beneficiary, and noting that Suzanne E. Rand-Lewis and Leslie B. Rand-Luby are trustees of this trust. Another possible interpretation is that the document is purporting to designate three beneficiaries: the trust and each of the two trustees. Regardless, interpretation of the document does not affect the standing analysis; even if the document intended Trustee: Suzanne E. Rand-Lewis and Trustee: Leslie B. Rand-Luby to be beneficiaries of the life insurance policy, they did not sue in their capacity as trustees of the Rand 1992 Irrevocable Trust.

11

Rand and Gary Rand, as Trustee of the 1992 Irrevocable Trust have standing to bring claims arising from the ownership of the life insurance policy.[10] As such, claims on behalf of all other Plaintiffs are **DISMISSED** from this Action **WITH PREJUDICE**.

   3.   Statute of Limitations

"A claim may be dismissed as untimely pursuant to a 12(b)(6) motion 'only when the running of the statute [of limitations] is apparent on the face of the complaint.'" United States ex rel. Air Control Techs. v. Pre Con Indus., 720 F.3d 1174, 1178 (9th Cir. 2013) (quotation omitted). "In fact, a complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." Supermail Cargo, Inc. v. United States, 68 F.3d 1204, 1207 (9th Cir. 1995).

This Court dismissed Plaintiffs' original Complaint because the relevant limitations periods barred all of Plaintiffs' claims and the Complaint failed to allege facts supporting any of the four elements of estoppel.[11]

---

[10] Although the Rand 1992 Irrevocable Trust is the current owner of the Policy, it had appointed Gary Rand as its agent and instructed Defendant MNLI to direct Policy communications to Rand's mailing address, thus imputing any knowledge by Rand to the Trust. See Nelson Decl., Ex. 2, Policy at 17 (designating address "same as insured" in reference to Rand and instructing billing notices, including premium notices, to be sent to Rand), ECF No. 6.

[11] Of all claims asserted, the longest applicable statute of limitations is four years.

See Order 27:16-19; 29:7-9. In granting leave to amend, the Court recognized that "[i]t is possible that Plaintiffs could plead additional facts justifying their delay in filing suit or explaining further investigation conducted" so as not to be barred by the relevant limitations periods. Id. 30:26-31:4.

        a. *Discovery Rule*

A federal court sitting in diversity applies the substantive law of the state, including the state's statute of limitations." Albano v. Shea Homes Ltd. P'ship, 634 F.3d 524, 530 (9th Cir. 2011) (citation omitted). "[O]rdinarily, the statute of limitations runs from 'the occurrence of the last element essential to the cause of action.'" Aryeh v. Canon Bus. Solutions, Inc., 55 Cal. 4th 1185, 1191 (2013) (citation omitted). "An important exception to the general rule of accrual is the 'discovery rule,' which postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action." Fox v. Ethicon Endo-Surgery, Inc., 35 Cal. 4th 797, 806 (2005).

"A plaintiff has reason to discover a cause of action when he or she 'has reason at least to suspect a factual basis for its elements.'" Fox, 35 Cal. 4th at 807 (citation omitted). "[T]o rely on the discovery rule for delayed accrual of a cause of action, '[a] plaintiff whose complaint shows on its face that his claim would be barred without the benefit of the

13

discovery rule must specifically plead facts to show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence.'" Id. at 808 (second alteration and emphasis in original) (citation omitted).

Here, the crux of Plaintiffs' claims rest on Defendant MLNI's alleged practice of raising premiums from as early as 2012 to "try to force a policy lapse." FAC ¶ 51. Accordingly, the focus of the analysis in determining whether the relevant limitations periods bar Plaintiffs' claims is on when Plaintiffs first suspected the wrongdoing—that is, when they first suspected improper premium increases. See Fox, 35 Cal. 4th at 807 ("Rather than examining whether [a] plaintiff[ ] suspect[s] facts supporting each specific legal element of a particular cause of action, [courts] look to whether [a] plaintiff[ ] [has] reason to at least suspect that a type of wrongdoing has injured [him]."). This Court determined in its previous Order that "the allegations in the Complaint lend towards the conclusion that Plaintiffs seemingly knew of the raised premiums and suspected wrongdoing since as early as 2012," and that conclusion holds true in assessing the FAC. See Order 26:19-22.

Plaintiffs argue that regardless of Gary Rand's communications with MLNI in as early as 2012, Plaintiffs were not on notice of their ability to file suit until 2018, when they became aware of a public

14

news release about proposed legislation in California designed to provide consumers with more information about insurer cost increases. FAC ¶ 56. Additionally, Plaintiffs argue that their claims against Defendant MLNI include Defendant MLNI's failure to notify the policy owners of the premiums due and eventual policy termination in 2017, so the limitations period has not begun to run. FAC ¶ 67. Further, the FAC repeatedly asserts that since Plaintiffs did not and still do not know the "complex formula" MLNI allegedly used to charge Plaintiffs, and "[n]o investigation by Plaintiffs could have resulted in the discovery of the actual formula . . . because Defendant [MLNI] refuses to disclose it," the limitations period does not bar their claims.

The Court is again unpersuaded by Plaintiffs' allegations. While Plaintiffs argue that Gary Rand's 2012 communications with Defendant MLNI reflect his confusion about what Defendant was doing, and that he did not know or suspect that Defendant's alleged conduct was illegal or contrary to the terms of the policy, see FAC ¶ 12, the FAC and contents of the letters say otherwise. Indeed, the FAC plainly states that "Plaintiff Gary Rand thought premiums were not properly calculated . . . ." FAC ¶ 13. Further, Gary Rand's May 1, 2012 letter to Defendant MLNI indicates, "premium being paid is **excessive** and has been," Declaration of Nick Nelson re Removal ("Nelson Decl.")

¶ 12, Ex. 7, May 1, 2012 Letter, ECF No. 6-7 (emphasis added).

As this Court noted in its previous Order, once Plaintiffs had reason to at least suspect Defendant MNLI's allegedly wrongful conduct of increasing the premiums, Plaintiffs were "required to conduct a reasonable investigation" and are "charged with knowledge of the information that would have been revealed by such an investigation." Fox, 35 Cal. 4th at 808. The fact that the exact formula allegedly used by Defendant MLNI is not known is of no consequence to the running of the limitations periods; Plaintiffs need not know how the breach occurred, they must at a minimum suspect wrongdoing for the limitations periods to begin to run. See Fox, 35 Cal. 4th at 807.

The FAC suffers from the same deficiencies as Plaintiff's original Complaint, as it fails to allege facts indicating that a "reasonable investigation" by Rand or the other Plaintiffs took place during the three years between Rand's initial letters to MLNI in 2012 and the follow up letters in 2016. Further, the FAC repeatedly notes that "Defendants' wrongful conduct continues to the present date" in an attempt to demonstrate that Plaintiffs' claims did not accrue starting in 2012. See FAC ¶ 48. However, it is the origin of the allegedly wrongful conduct—raising the premiums—and not the ill effects from such conduct that controls. See Rae v. Bank of Am., N.A., No. CV 16-8932

PA (Ssx), 2017 WL 447306, at *3 (C.D. Cal. Feb. 1, 2017) ("That [p]laintiff may continue to suffer the ill effects from [defendant's] allegedly tortious conduct does not toll or extend the applicable statutes of limitations."); see also Davis v. Krasna, 121 Cal. Rptr. 705, 713 (Cal. Ct. App. 1975) ("To delay the running of the period of limitation only until defendant's acts furnished plaintiff with a more certain proof of damages would contravene the principle that victims of legal wrong should make reasonable efforts to avoid incurring further damages.").

The Court finds that Plaintiffs' claims began to accrue in 2012. Plaintiffs failed to allege anything more as to any reasonable investigation conducted after Plaintiff Gary Rand's 2012 letter to MLNI. Further, the Court is unpersuaded by Plaintiffs' argument that they were not aware of the alleged breach until 2018 when they learned of the news release. A 2018 news release could not affect the knowledge Plaintiffs had in 2012, nor did the release speak directly to Plaintiffs' individual claims; the release concerned proposed legislation and provided Plaintiffs with no more information as to their claims against Defendants than they had in 2012. Consequently, the relevant limitations periods bar all of Plaintiffs' claims.

b. *Estoppel Against Limitations*

Plaintiffs, in their FAC, argue that Defendants are estopped from raising a limitations period defense.

"An estoppel against limitations defense usually 'arises as a result of some conduct by the defendant, relied on by the plaintiff, which induces the belated filing of the action." Spray, Gould & Bowers v. Associated Int'l Ins. Co., 84 Cal. Rptr. 2d 552, 556 (Cal. Ct. App. 1999) (citation omitted). "Four elements must ordinarily be proved to establish an equitable estoppel: (1) The party to be estopped must know the facts; (2) he must intend that his conduct shall be acted upon, or must so act that the party asserting the estoppel had the right to believe that it was so intended; (3) the party asserting the estoppel must be ignorant of the true state of facts; and, (4) he must rely upon the conduct to his injury." Id. "Application of equitable estoppel against the assertion of a limitations defense typically arises through some misleading affirmative conduct on the part of a defendant." Id.

Here, the Court again finds that Plaintiffs have not sufficiently pled the elements of equitable estoppel. The FAC argues that because Defendant MLNI withheld the complex formula it allegedly used to charge Plaintiffs, "misled Plaintiffs by providing what it called an accounting," and failed to respond to Gary Rand's questions, Defendant MLNI prevented Plaintiffs from filing suit.

However, "[n]othing in these allegations suggest that Defendant MNLI induced Rand to belatedly file

18

suit, but rather, that Rand was on further notice of the alleged wrongdoing with no promise or misrepresentation from Defendant MNLI." Order 29:19-23. The Court again notes that Plaintiffs need not know the alleged formula in order to file suit. Further, the FAC fails to address that Gary Rand threatened litigation as a result of the lack information Defendants provided in response to his requests for an accounting, but still waited to bring suit without any indication that Defendant MNLI induced him to do so.

In short, Plaintiffs have failed to allege any misrepresentations by Defendants since first raising premiums in 2012 that would induce Plaintiffs' waiting to file suit.[12] Accordingly, Plaintiffs' estoppel argument fails.

Because the Court finds that Plaintiffs' claims are time-barred, and that Plaintiffs have not alleged sufficient facts justifying estoppel, the Court **GRANTS** Defendants' Motion to Dismiss **WITHOUT LEAVE TO AMEND**.

4. <u>Leave to Amend</u>

A party may amend the complaint once "as a matter of course" before a responsive pleading is served.

---

[12] In the FAC, Plaintiffs allege that Defendants "misled Plaintiff by providing what it called an accounting upon which Plaintiffs relied." FAC ¶ 9. However, no further facts are provided as to what was allegedly misleading or why it was not a proper accounting. Accordingly, the Court does not find that this simple allegation is sufficient to constitute an affirmative misrepresentation by Defendants.

```
 1 │ Fed. R. Civ. P. 15(a).  After that, the "party may
 2 │ amend the party's pleading only by leave of court or by
 3 │ written consent of the adverse party and leave shall be
 4 │ freely given when justice so requires."  Id.  Leave to
 5 │ amend lies "within the sound discretion of the trial
 6 │ court."  United States v. Webb, 655 F.2d 977, 979 (9th
 7 │ Cir. 1981).  Here, Plaintiffs have already had an
 8 │ opportunity to cure the pleading deficiencies in their
 9 │ Complaint.  This Court even instructed Plaintiffs as to
10 │ exactly the types of allegations that would need to be
11 │ included in their FAC to survive a limitations defense.
12 │ Because Plaintiffs have failed again to plead
13 │ sufficiently, the Court finds that any further
14 │ amendment would be futile.  Accordingly, the Court
15 │ **DENIES** leave to amend.
16 │
17 │                    **III. CONCLUSION**
18 │     Based on the foregoing, the Court **GRANTS**
19 │ Defendants' Motion to Dismiss **WITHOUT LEAVE TO AMEND.**
20 │
21 │ **IT IS SO ORDERED.**
22 │
23 │ DATED: December 26, 2019       /s/ Ronald S.W. Lew
24 │                                **HONORABLE RONALD S.W. LEW**
                                    Senior U.S. District Judge
```